UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

**FILED**
OCT 29 2012

CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| CARLOS RAMOS-ROGEL, a/k/a Carlos Ramos Rogel, | * * * | CIV. 12-4181 |
| Movant, | * | |
| -vs- | * | REPORT and RECOMMENDATION |
| UNITED STATES OF AMERICA, | * * | |
| Respondent. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Petitioner, Carlos Ramos-Rogel, is a federal inmate currently incarcerated at the Northeast Ohio Correctional Center in Youngstown, Ohio. He has filed a Motion to Vacate, Set Aside or Correct his Sentence under 28 U.S.C. § 2255.

The Court has taken judicial notice of the file from Ramos-Rogel's underlying criminal conviction in the United States District Court, Southern District South Dakota, 4:09-CR-40117-KES-1 and his direct appeal to the United States Court of Appeals for the Eighth Circuit, No. 10-2748. *See, Hood v. United States,* 152 F.2d 431 (8th Cir. 1946) (federal District Court may take judicial notice of proceedings from another federal District Court); *Matter of Phillips,* 593 F.2d 356 (8th Cir. 1979) (proper for federal court to take judicial notice of state court pleadings); *Green v. White,* 616 F.2d 1054 (8th Cir. 1980) (Court of Appeals may take judicial notice of District Court filings).

## JURISDICTION

The pending matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Order dated March 18, 2010.

## PROCEDURAL HISTORY

In 2009, in the United States District Court for the District of South Dakota, Ramos-Rogel was charged by Indictment with Possession with Intent to Distribute a Controlled Substance in violation of 21 U.S.C. § 841. *See United States v. Ramos-Rogel,* 4:09-CR-40117-KES-1, United States District Court, District of South Dakota. Ramos-Rogel entered a guilty plea on May 4, 2010. On July 23, 2010, Ramos-Rogel was sentenced to seventy-eight months imprisonment and five years supervised release. Ramos-Rogel filed a direct appeal. On direct appeal, Ramos-Rogel

challenged the District Court's calculation of his base offense level for sentencing purposes. Specifically, Ramos-Rogel claimed the District Court erred when it denied his eligibility for the safety valve reduction pursuant to the United States Sentencing Guidelines Manual § 5C1.2. On February 28, 2011, the Eighth Circuit affirmed the District Court and entered its Judgment dismissing Ramos-Rogel's appeal. Ramos-Rogel did not file a Petition for Certiorari with the United States Supreme Court.

On October 19, 2012, Ramos-Rogel filed the instant Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255. Ramos-Rogel raises three claims in his § 2255 Motion: (1) trial counsel was ineffective for failing to negotiate a more favorable plea agreement; (2) the District Court erred in calculating his base offense level; and (3) trial counsel was ineffective for failing to object to the incorrect sentencing guideline on his base offense level.

## ANALYSIS

A review of Ramos-Rogel's Motion reveals that it must be dismissed for the reasons more fully explained below.

### 1. Ramos-Rogel's Sentencing Error Claim Was or Should Have Been Raised on Direct Appeal

Ramos-Rogel's second claim for relief is that the District Court erred in calculating his base offense level when determining the length of his sentence pursuant to the United States Sentencing Guidelines. Ramos-Rogel unsuccessfully raised this claim on direct appeal. "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255." *Davis v. United States*, 673 F.3d 849, 852 (8th Cir. 2012). Also, although § 2255 provides relief in cases in which a sentence is in excess of the maximum term allowed by law, § 2255 is not available to provide relief in cases which present "garden variety Sentencing Guidelines application issues." *Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995). "Collateral proceedings under 28 U.S.C. § 2255 cannot be made to do service for an appeal." *United Sates v. Ward*, 55 F.3d 412, 413 (8th Cir. 1995). Because Ramos-Rogel should have (and did) raise on direct appeal his claim that the District Court erroneously calculated his sentence, he is foreclosed from doing so in this forum.

2

## 2. All of Ramos-Rogel's Claims are Barred by the AEDPA One Year Statute of Limitations

Ramos-Rogel's ineffective assistance of counsel claims are likewise based upon his assertion that the District Court incorrectly calculated his sentence. Nevertheless, as a general rule they may be asserted in a § 2255 Motion because "claims of ineffective assistance are considered on direct appeal only in those exceptional cases in which the district court has developed a record on the ineffectiveness issues or where the result would otherwise be a plain miscarriage of justice." *United States v. Backer*, 362 F.3d 504, 507 (8th Cir. 2004) (citations omitted, punctuation altered). *See also Davis v. United States*, 673 F.3d 849, 852 (8th Cir. 2012) (allowing ineffective assistance claim in § 2255 Motion which was based upon evidentiary issue decided adversely in direct appeal).

Ramos-Rogel may not pursue his ineffective assistance claims in this § 2255 Motion however, because all of his claims are barred by the AEDPA one year statute of limitations. Specifically, 28 U.S.C. § 2255(f) provides:

> (f) A 1- year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such Governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Ramos-Rogel's judgement of conviction became final on May 30, 2011, ninety days after the Eighth Circuit entered its Judgment on February 28, 2011.[1] One year from May 30, 2011 is May 30, 2012. Because Ramos-Rogel did not file his § 2255 Motion until October 19, 2012, it is time barred. For this reason, the "files and records conclusively show that the prisoner is entitled to no relief . . ." pursuant to 28 U.S.C. § 2255(b).

---

[1] *See Clay v. United States*, 537 U.S. 522, 532, 123 S.Ct. 1072, 1079, 155 L.Ed.2d 88 (2003); *United States v. Martin*, 408 F.3d 1089, 1090 (8th Cir. 2005) (explaining that when a federal criminal defendant does not file a petition for certiorari on direct review, § 2255's one year limitation period begins to run when the time for such review expires–90 days after the judgment is filed).

3

### 3. Evidentiary Hearing and Certificate of Appealability

An evidentiary hearing is not required on a § 2255 motion if "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) *(quoting Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)). Thus, if the motion, files and records of the case conclusively establish that Ramos-Rogel is not entitled to relief, the Court is not required to conduct an evidentiary hearing. *See Kingsbury v. United States*, 202 F.3d 1030, 1033 (8th Cir. 2000) ("an evidentiary hearing is necessary only where 'the court is presented with some reason to question the evidence's credibility.'"). An evidentiary hearing is not required in this case because it is clear from the face of the Motion and the underlying files that Ramos-Rogel's Motion is time-barred.

When the District Court has denied a motion under § 2255, the movant may not appeal without a Certificate of Appealability. Such a Certificate may issue "only if the applicant has made a substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A "substantial showing" under this section is a showing that "reasonable jurists would find the District Court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In other words, a "substantial showing" is made if "a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Ramos-Rogel has not made a substantial showing of the denial of a constitutional right. Accordingly, it is RECOMMENDED that no Certificate of Appealability be issued.

### CONCLUSION and RECOMMENDATION

For the reasons more fully explained above, it is respectfully **RECOMMENDED** to the District Court that:

(1) Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 1 in this file) be DENIED with prejudice;

(2) No Certificate of Appealability be issued.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)

*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this 29 day of October, 2012.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge