UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | | |
|---|---|---|
| CARLOS RAMOS-ROGEL, a/k/a Carlos Ramos Rogel, | ) ) ) | CIV. 12-4181-KES |
| Petitioner, | ) ) | |
| vs. | ) ) ) | ORDER DENYING PETITION |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) | |

Petitioner herein filed a pro se motion to vacate, set aside or correct a sentence in United States District Court under 28 U.S.C. § 2255. The case was referred to United States Magistrate Judge John Simko pursuant to 28 U.S.C. § 636(b)(1)(B) for the purpose of conducting any necessary hearings, including evidentiary hearings.

On October 29, 2012, Magistrate Judge Simko submitted to the court his report and recommendation for disposition of this case. Petitioner filed his objection to the report and recommendation on November 13, 2012. De novo review is required to any objections that are timely made and specific. *See Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990). Having reviewed the matter de novo, the court finds that the magistrate judge's report and recommendation will be adopted in full.

Petitioner contends that the sentencing court improperly determined his advisory guideline range under the Federal Sentencing Guidelines and that the

court has the jurisdiction to correct its procedural error at any time under Federal Rule of Criminal Procedure 33(a). This petition has been filed pursuant to 28 U.S.C. § 2255, however, rather than as a motion within his criminal case. But even if the court considered this as a motion within the petitioner's criminal case, petitioner would not be successful. The grounds for petitioner's motion appear to be a mistake of law or fact made by the court. Because the motion is not based on newly discovered evidence, Rule 33(b) requires that the motion be made within 14 days after the verdict or finding of guilt. The motion was made more than two years after the judgment of conviction was entered, so it is not timely under Rule 33.

The court has reviewed the report and recommendation of Magistrate Judge Simko and agrees with the conclusion that petitioner would not be successful on the merits because his claimed sentencing error was or should have been raised on direct appeal. Alternatively, the court agrees that it is barred by the AEDPA one-year statute of limitations because the petition was filed more than one year after May 30, 2011, when petitioner's judgment of conviction became final. Now, therefore it is

ORDERED that the report and recommendation of Magistrate Judge Simko is accepted in full and petitioner's pro se motion to vacate, set aside, or correct sentence (Docket 1) is denied in all respects. Petitioner's objections (Docket 4) are overruled.

IT IS FURTHER ORDERED that based upon the reasons set forth herein and pursuant to Fed. R. App. P. 22(b), the court finds that petitioner has not

made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). Therefore, a certificate of appealability is denied.

Dated December 6, 2012.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
CHIEF JUDGE